UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JACQUES DURR, M.D.,

    Plaintiff,                               Case No. 8:17-cv-03045-T-30AEP

v.

SECRETARY, DEPARTMENT OF
VETERANS AFFAIRS,

    Defendant.
_____/

**FEDERAL DEFENDANT'S RESPONSES TO**
**THIRD REQUEST FOR ADMISSIONS BY PLAINTIFF**

Pursuant to Fed. R. Civ. P. 36, defendant, the Secretary, Department of Veterans Affairs, hereby responds to the plaintiff's Third[1] Set of Request for Admissions. As discovery in this lawsuit is underway, defendant bases these responses upon information now known, and reserves the right to supplement these answers if additional evidence so warrants.

**Responses to Requests for Admissions**

**REQUEST NO. 1**:

Admit that the names of Dr. Pearson and Dr. Durr were both on the same "Cert List" generated for the third, June, 2015, vacancy announcement # NY-15-RNS-123266114R2.

**Response:** Admit.

---

[1] According to defendant's file, this is the Second set of Rule 36 requests from plaintiff.

1

**REQUEST NO. 2:**

Admit that RMO Thuriere had returned to HR specialist Seybold, for auditing, the "Cert List" generated for the third, June, 2015, vacancy announcement.

**Response:**  Admit.

**REQUEST NO. 3:**

Admit that RMO Thuriere had selected Dr. Pearson on the "Cert List," before she returned it to HR.

**Response:**  Admit that Dr. Thuriere selected Dr. Pearson from the electronic cert list, at which time the cert list was electronically returned to Human Resources.

**REQUEST NO. 4:**

Admit that HRMO Seybold was correct when she testified that *"a selection was made from the Cert List on June 23, 2015"* (i.e., from that same "Cert List").

**Response:**  Objection. Vague and ambiguous. Without waiving this objection, defendant avers that Dr. Thuriere had decided to make a direct hire of Dr. Pearson and, based on that decision, selected her name from the cert list.

**REQUEST NO. 5:**

Admit that HRMO specialist Seybold, in charge of that vacancy announcement and in charge of its "Cert List," was correct when she testified that RMO Thuriere *"was the selecting official."*

2

**Response**:  Admit.

**REQUEST NO. 6:**

Admit that on 6/23/2015, HRMO specialist Seybold, in charge of the June, 2015, vacancy announcement # NY-15-RNS-12326614R2, had audited its "Cert List," on the same day it was returned to her.

**Response**:   Admits the cert list was returned by Dr. Thuriere on June 23, 2015 in the morning and that Seybold audited the list that same afternoon.

**REQUEST NO. 7:**

Admit that Dr. Pearson is the only person listed as "Selected" on the audited "Cert List" for vacancy announcement #NY-15-RNS-12326614R2.

**Response**:  Admit.

**REQUEST NO. 8:**

Admit that the March, 2015 e-mails Complainant had produced, and claimed that he had e-mailed to HRMO Seybold, were not altered, or fabricated, but are true copies, with correct dates and times (see: 2nd set of request for admissions).

**Response**:  Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, defendant admits this request.

3

**REQUEST NO. 9:**

Admit that on March 26, 2015, at 8:41 AM, HRMO Seybold had sent to Plaintiff an e-mail with the text "Good morning Dr. Durr, Do not worry, I received all necessary documents and will load them into the system for you to receive consideration.  You will receive email notification once I have completed it."

**Response:**  Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, defendant admits this request.

**REQUEST NO. 10:**

Admit that the automated notification Dr. Durr had received on March 27, 2015, at 12:57 PM (see earlier production), confirmed to him that HRMO Seybold had done what she had promised in her March 26, 2016, 08:41 AM e-mail (see Request for Admission #9, above).

**Response:**  Objection. This request calls for speculation as to what was "confirmed to" plaintiff. Without waiving this objection, defendant admits the March 27, 2015 email to Dr. Durr was notification that Seybold uploaded his information into the system on March 27, 2015.

**REQUEST NO. 11:**

Admit that HRMO Seybold was wrong when she testified that the first e-mail she had received from plaintiff was on March 27, 2015.

4

**Response**:  Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, defendant admits Seybold was mistaken when she testified that the first email she received was on March 27, 2015.

**REQUEST NO. 12:**

Admit that HRMO Seybold was wrong when she testified that on March 27, 2015, no USAJobs account associated with plaintiff could be found, even when using his SS number, or his e-mail address.

**Response**:  Deny.

**REQUEST NO. 13:**

Admit that for the third vacancy announcement, RMO Thuriere has departed from the "standard process" to fill the Chief of Medicine Service position (Seybold Exhibit B-3 p 3; or IF p 115 of 150), a process also outlined in all three vacancy announcements, and that was adhered to for the first two vacancy announcements.

**Response**:  Objection. Calls for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, this request is denied.

**REQUEST NO. 14:**

Admit that there are no documents that show that Dr. Pearson was a 'Direct Hire' for the position of Medicine Service Chief, in June 2015.

**Response:** Deny.

**REQUEST NO. 15:**

Admit that many records show that in June, 2015, Dr. Pearson was appointed to Medicine Service Chief competitively, through vacancy announcement #NY 15-RNS-1236614R2.

**Response:** Objection. Vague and ambiguous as to the meaning of "many records." Without waiving this objection, this request is denied.

**REQUEST NO. 16:**

Admit that the Agency has failed to preserve the Candidate Rating- and Scoring Sheets that were supposed to have been generated by Dr. Hong, but did preserve those generated by Dr. Syed and RN Williams for vacancy #NY 15-RNS-1236614R2.

**Response:** Objection. Calls for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, defendant is unable to admit or deny this request on grounds that Dr. Hong never provided any rating or scoring sheets to Human Resources in connection with the screening interviews. Defendant maintained all of the records that were returned to Human resources.

Dated: April 8, 2019

    MARIA CHAPA LOPEZ
    United States Attorney

By: /s/ Scott H. Park
    Scott H. Park
    Assistant U.S. Attorney
    Identifying No. USA084
    400 W. Washington Street, Suite 3100
    Orlando, Florida 32801
    Telephone: (407) 648-7500
    Facsimile: (407) 648-7588
    Email: scott.park@usdoj.gov

## Certificate of Service

I HEREBY CERTIFY that on April 9, 2019, I served the following document by electronic mail and by U.S. Mail to the following:

Craig L. Berman
Berman Law Firm, P.A.
111 Second Ave. N.E., Suite 706
St. Petersburg, FL 33701
Email: craig@bermanlawpa.com
jennifer@bermanlawpa.com

    /s/ Scott H. Park
    Assistant U. S. Attorney